UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PHILIP BERRYMAN,

    Plaintiff,

v.

                                        Case Number 10-12169
                                        Honorable Thomas Ludington

BARBARA SAMPSON, et al.,

    Defendants.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING JUDGE KOMIVES REPORT AND RECOMMENDATION, GRANTING THE PAROLE BOARD DEFENDANTS' MOTION TO DISMISS, GRANTING THE MDOC DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT BERRIOS'S MOTION TO DISMISS, DISMISSING PLAINTIFF'S FEDERAL CLAIMS WITH PREJUDICE, AND DECLINING JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS**

This pro se civil rights action was brought pursuant to 42 U.S.C. § 1983 by six prisoners in the custody of the Michigan Department of Corrections. Five of the other plaintiffs withdrew from the action, with Philip Berryman ("Plaintiff") remaining as the sole plaintiff. On October 26, 2010, Plaintiff filed an amended complaint. As defendants in his amended complaint, Plaintiff names: Barbara Sampson, Chair of the Michigan Parole Board and Board Members James Atterberry, Miguel Berrios, Charles Brown, Paul Condino, Jodie DeAngelo, Stephen DeBoer, David Fountain, Lisa Gettys, Artina Tensley Hardman, John Sullivan, Anthony E.O. King, Laurin' Thomas, Sonia Warchock, and David Kleinhardt (collectively "Parole Board Defendants"); Michigan Department of Corrections ("MDOC") employees at the G. Robert Cotton Correctional Facility including Assistant Deputy Warden Larry Ford, Classification Director Catherine DeForest, Resident Unit Manager Quincie Cooper, Assistant Librarian Jacqueline Cooke, and Librarian Hatutu Elam; and Thomas A. Kulick, who Plaintiff identifies as an employee of the MDOC but Defendants identify

as a Michigan Assistant Attorney General. Plaintiff alleges that defendants failed to afford him a fair commutation hearing, relied on or provided false information at the hearing, and denied him a commutation in retaliation for his having filed lawsuits and grievances. Despite medical testimony that he is unlikely to live for more than a year, Plaintiff submits that the Board recommended that the Governor not commute his sentence based on his litigation history and that other similarly situated prisoners who had not filed lawsuits while incarcerated were recommended for commutation. Plaintiff seeks a declaratory judgment and injunctive relief. The case was referred to Magistrate Judge Virginia Morgan for all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(B). ECF No. 29. The case was subsequently reassigned to Magistrate Judge Paul Komives for all pretrial matters. ECF No. 35.

On March 11, 2011, the Parole Board defendants, except for defendant Berrios, who had not then been served, filed a motion to dismiss pursuant to Rule 12(b)(6). On March 17, 2011, the MDOC Defendants who had been served—Cook, DeForest, Elum, and Cooper—filed a motion for summary judgment pursuant to Rule 56(a). On June 23, 2011, Defendant Berrios filed a motion to dismiss, incorporating by reference the Parole Board Defendants' motion to dismiss. Judge Komives completed his report and recommendation on September 8, 2011. ECF No. 73. Judge Komives recommends dismissing Plaintiff's claim that Defendants inappropriately presented or relied on false evidence at Plaintiff's commutation hearing for failing to state a claim for relief because Plaintiff is attempting to attack the substantive sufficiency of the Board's recommendation. Judge Komives also recommends dismissing Plaintiff's retaliation claim because Plaintiff presents conclusory allegations of a retaliatory motive that is unsupported by material facts. Next, Judge Komives recommends dismissing Plaintiff's equal protection claim because Plaintiff has not demonstrated

that he was denied commutation on the basis of his membership in a suspect class or that he was similarly situated to other prisoners who were granted commutation. Finally, Judge Komives recommends declining jurisdiction over Plaintiff's state law claims and sua sponte dismissing the claims against Defendant Ford, who has not yet been served, because the same analysis applies to the claims against him as the claims made against the other defendants. Plaintiff filed an objection to Judge Komives report and recommendation on September 27, 2011.

The Court agrees with Judge Komives's conclusions and will adopt his report and recommendation. As will be explained herein, Plaintiff's objections will be overruled, the Parole Board Defendants' motion to dismiss will be granted, the MDOC Defendants' motion for summary judgment will be granted, Defendant Berrios's motion for summary judgment will be granted, Plaintiff's federal claims against the moving parties will be dismissed, Plaintiff's federal claims against Defendant Ford and Defendant Holden[1] will be sua sponte dismissed, and jurisdiction will be declined over Plaintiff's state law claims.

**I**

Plaintiff provides a number of general objections and disagreements with the content and structure of Judge Komives's report and recommendation. "A general objection to the magistrate's report has the same effect as a failure to object" and an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in the context of Federal Rule of Civil

---

[1]Defendant Holden was included in the initial complaint filed and identified as an Assistant Resident Unit Supervisor at the G. Robert Cotton Correctional Facility. Plaintiff did not include Defendant Holden in his amended complaint. However, the same analysis applies to the claims against Defendant Holden as the claims made against the other MDOC Defendants and it is appropriate to sua sponte dismiss these claims as well.

Procedure 72. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747-48 (E.D. Mich. 2004). Plaintiff's three discernible, specific objections to Judge Komives's conclusions will be addressed below.

**A**

First, Plaintiff objects to Judge Komives's recommendation to dismiss Plaintiff's claim that the Parole Board Defendants presented or relied on false evidence at Plaintiff's commutation hearing for failing to state a claim for relief because Plaintiff is attempting to attack the substantive sufficiency of the Board's recommendation. Plaintiff contends that the Parole Board Defendants knowingly used false information at his commutation hearing, and that "[a]ny jurist could conclude that the plaintiff's filing of lawsuits [] weighed on the minds of the defendants [and was] a motivating factor in their denial to recommend" commutation to the governor. ECF No. 75 at 5, 8. Nonetheless, Plaintiff does not provide any evidence that the Parole Board Defendants failed to afford him the necessary due process he was entitled to in order to state a claim for relief pursuant to § 1983. Moreover, his objection, which includes arguments presented to Judge Komives, is insufficient "to alert the Court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Plaintiff's first objection will be overruled.

**B**

Plaintiff's second objection is to Judge Komives recommendation to dismiss Plaintiff's retaliation claim because Plaintiff presented only conclusory allegations of retaliatory motive that is unsupported by material facts. Plaintiff contends that the Parole Board Defendants did not use his institutional record or criminal record as the basis for deciding to recommend denial of Plaintiff's commutation request, but instead justified the recommendation on their lack of assurance that he would not re-offend despite only scoring an 11.6% chance of recidivism within one year following

his release. The remainder of Plaintiff's objection provides similar conclusory allegations that he has "made it clear that all of the Defendants were motivated to retaliate against him because of his litigation activities." ECF No. 75 at 8.

Plaintiff's objection, however, attacks the substantive sufficiency of the Board's recommendation similar to his arguments made regarding his false information due process claim and do not provide any evidence of retaliation. *Worman v. Summers*, 111 F. App'x 369, 371 (6th Cir. 2004) ("The federal court is not authorized to review the substantive merits of the state clemency proceeding or the quality of the evidence considered during those proceedings, . . ."). Furthermore, as Judge Komives noted, "conclusory allegations of a retaliatory motive unsupported by material facts will not be sufficient to state a claim under § 1983." *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (internal quotations and citation omitted). Plaintiff's objection will thus be overruled.

## C

Finally, Plaintiff objects to Judge Komives recommendation to dismiss his equal protection claim because Plaintiff has not demonstrated that he was denied commutation on the basis of his membership in a suspect class or that he was similarly situated to other prisoners who were granted commutation. Plaintiff concedes that he "cannot show that he is similarly situated to other inmates for the purposes of the commutation decision," but then conclusively states that he is "clearly similarly situated to other prisoners" for equal protection purposes. Plaintiff has thus not established that he was "similarly situated . . . in all respects that are material" to a prisoner that was granted commutation. *See Barker v. Conerly*, No. 05CV74408DT, 2006 WL 305643, at *3 (E.D. Mich. Feb. 9, 2006) (citing *Linger v. Akram*, 23 F. App'x 248, 252 n.5 (6th Cir. 2001)). Plaintiff's objection will be overruled.

**II**

Accordingly, it is **ORDERED** that Plaintiff's objections (ECF No. 75) are **OVERRULED**.

It is further **ORDERED** that Judge Komives's report and recommendation (ECF No. 73) is **ADOPTED**.

It is further **ORDERED** that the Parole Board Defendants' motion to dismiss (ECF No. 36) is **GRANTED**.

It is further **ORDERED** that the MDOC Defendants' motion for summary judgment (ECF No. 38) is **GRANTED**.

It is further **ORDERED** that Defendant Berrios's motion to dismiss (ECF No. 61) is **GRANTED**.

It is further **ORDERED** that Plaintiff's federal claims against the Parole Board Defendants, the MDOC Defendants and Defendant Berrios are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Plaintiff's federal claims against Defendant Ford and Defendant Holden are sua sponte **DISMISSED WITH PREJUDICE.**

It is further **ORDERED** that jurisdiction is **DECLINED** over Plaintiff's state law claims.

                                                          s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge

Dated: December 21, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Philip Berryman, #107202 at Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036 by first class U.S. mail on December 21, 2011.

                                    s/Tracy A. Jacobs
                                    TRACY A. JACOBS