UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PHILIP BERRYMAN,

    Plaintiff,

v.

                                                                     Case Number 10-12169
                                                                     Honorable Thomas Ludington

BARBARA SAMPSON, et al.,

    Defendants.

_____/

## **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On December 21, 2011, the Court issued an opinion and order granting the Parole Board Defendants' motion to dismiss, granting the MDOC Defendants' motion for summary judgment, granting Defendant Berrios's motion for summary judgment, sua sponte dismissing Defendants Ford and Holden, dismissing Plaintiff Philip Berryman's federal claims with prejudice, and declining jurisdiction over Plaintiff's state law claims. ECF No. 76. On January 13, 2012, Plaintiff filed a motion for reconsideration. ECF No. 78. Eastern District of Michigan Local Rule 7.1(h) permits any party to move for reconsideration of the Court's conclusions within fourteen days of the entry of the order. E.D. Mich. L.R. 7.1(h)(1). The Court does not permit a responsive pleading or hold hearings on motions for reconsideration. *Id*. 7.1(h)(2).

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*Id*. "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Scozzari v. City of Clare*, 723 F. Supp. 2d 974, 981-82 (E.D. Mich. 2010) (citation and quotation marks

omitted). Furthermore, failure to address an issue constitutes a waiver or abandonment of the argument. *Sault St. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Motions for reconsideration "are aimed at *re* consideration, not initial consideration." *Id.*; *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the first time in motions for reconsideration.").

Plaintiff's motion for reconsideration restates arguments that have already been provided to and considered by the Court and states his disagreement with the Court's March 31, 2011 opinion and order. The motion does not, however, "demonstrate a palpable defect by which the court and the parties [were] misled" and consequently must be denied. E.D. Mich. L.R. 7.1(g).

Accordingly, Plaintiff's motion for reconsideration (ECF No. 78) is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 3, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Philip Berryman, #107202 at Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036 by first class U.S. mail on May 3, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS